BEFORE THE THIRD DIVISION, JUNE 23, 1945

**No. 50296.**—Protest 114522–K of Freedman & Slater, Inc. (New York).

Opinion by CLINE, J. When the case was called for trial it was submitted upon the official papers transmitted by the collector. The record showed that one package which had been detained at the public stores for examination was subsequently marked in the manner specified by the collector. The remaining seven packages, being urgently needed, were delivered without the required marking. Under the circumstances, the acting commissioner authorized that relief from liquidated damages incurred because of failure to return the merchandise for marking be granted under section 623, Tariff Act of 1930, as amended by the Customs

Administrative Act of 1938, but required that the 10 percent additional duty be assessed under section 304 (c), as amended. In construing the section as it stood prior to the amendment, it was held in *Cotonificio Bustese, S. A.* v. *Morgenthau* (121 Fed. 2d 884) that the additional marking duty was a penalty which the Secretary of the Treasury had power to remit under section 618, Tariff Act of 1930. The court said, however, that subsequent to the time when the exaction was imposed Congress had amended section 304 (b), and that the amendment might be taken as some evidence that the exaction was regarded as penal in character for purposes of remission prior to the amendment's adoption. Since the merchandise in question did not fall within any of the exceptions set forth in the tariff act, nor within the provisions of article 532, Customs Regulations of 1937, as amended by the Customs Administrative Act of 1938, it was held that the plaintiff was not entitled to relief from the assessment of 10 percent marking duty. The protest was therefore overruled.